## CLARK *vs.* CLARK.

*In the matter of the Estate of* JOHN CLARK, *deceased.*

A general clause of survivorship may be limited by the context so as to apply solely to the time of distribution. This construction prevails when the survivorship is attached to the " shares" " coming" on the division of the estate.
Where the will gave a mere power of sale until the youngest child arrived at age, but after that event directed a sale—*Held* that until the power was executed, or until the contingency happened on which the direction to sell was dependent, the Surrogate had no jurisdiction as to the real estate.

JAMES M. SMITH, Jr., *for Petitioner.*
E. M. WILLETT, *for Executor.*

THE SURROGATE.—The testator, after giving his wife one-third of his personal and one-third of the rents of his real estate, divided the residue among his children, with right of survivorship, in case any should die without issue. In the first place he " authorized and directed" the sale of his real

estate when the majority of his executors should "think it advisable for the benefit of the heirs," and then in a subsequent clause he "authorized and directed" his executors to sell the real estate, when the "youngest child arrives at the age of twenty-one years," "if not sold" as before provided, and divide the proceeds equally among the children, "or the survivors of them."

The first provision as to survivorship is general, "in case that either of my said children should die without lawful issue, that their share so coming to them shall be divided equally among my surviving children and their heirs." But the connection of the survivorship with "the share so coming," raises a question whether the testator did not mean to attach the survivorship to the time the "shares" would be "coming" to them—that is, the time of distribution. That this is the construction is made clear, I think, by the direction as to the distribution of the proceeds of the sale of the real estate, which are to be divided equally among the children, "or the survivors of them :" that is, those surviving at the time of the division. I think the testator has merely intended to provide for the decease of any of the parties in interest without issue, before they should come in possession.

The will undoubtedly directs a conversion of the real estate into money when the youngest child shall attain majority. This direction is absolute. Before that period, it seems to me, the testator did not intend to compel the sale, but left it discretionary with his executors, if the majority should deem it advisable for the interest of the estate. In other words, previous to the majority of the youngest child, there is a mere power of sale. After that time, the authority is converted into an express direction. There was no personal estate. The real estate was devised to the widow and the children, and would be vested in them until the power should be executed, were it not for a provision requiring the executors to "pay out of the income of the real and personal estate" a certain sum for the support of the two youngest children—a direction which implies that the execu-

tors are to receive the income. But in either case—that is, whether the children are entitled to the rents, or the executors are authorized to receive the rents as trustees, I think it is obvious this court has no jurisdiction until the real estate has been sold, or the time has arrived when, pursuant to the terms of the will, it ought to be sold.

The present proceeding has been instituted by James J. Clark for an account. The executors set up a release, and also a deed from the petitioner to his brother Bernard F. Clark, one of the executors, of the grantor's undivided fifth part of the real estate. The petitioner replied that the deed is fraudulent and void, and gave some evidence to show inadequate consideration and imposition. As to the income of the real estate, if the petitioner is to be treated as a devisee, or if the executors are trustees, he must pursue his remedy elsewhere. As to the *corpus* of the estate, if he desires to have the deed set aside, this court has no jurisdiction, so long as the contingency upon which a conversion is directed remains unaccomplished. Till the power is exercised or ought to be exercised, till the condition upon which its exercise is directed has occurred, the devisee has no claim on the executors, and cannot call them to account for the proceeds of the real estate. I think the rents are to be treated as derived from real estate, until the conversion—so that in no view can the petitioner try the question of the validity of this deed before me. I must therefore dismiss the application on the ground of want of jurisdiction—each party will pay his own costs.